BROOKE, P.,
delivered the opinion of the court. This case differs materially from those of King and Porterfield v. Smith. There, King executed the forthcoming bond, and delivered it to the sheriff, as an escrow, on the express condition, that another surety, the father of the debtor, should also execute it, in the confidence, probably, that if the father executed it, he would see,that the son discharged it. The chancellor thought, that it was doubtful, whether the bond was executed and delivered as an escrow, and directed an issue to try that question ; but, at the same time, dissolved the injunction, as to so much as the plaintiff would have been bound to pay, if the bond had been executed by the father as surety, according to the condition on which it was delivered, and the sureties made liable to pay the debt, the principal being insolvent. This court concurred with the chancellor, as to the propriety of the issue, but held, that the plaintiff was bound for the whole of the debt, or for no part of it; if the bond was his, for the whole; if not, for none; because in no case, had he agreed to make himself liable for any part, unless the bond was executed *according to the condition on which it was delivered. The case before us is whollj' different. Gordon intended to be bound for the debts due from Mallory, especially for that due Jeffery (as he admits) ; and to that end, signed the blank bonds, and delivered them to the sheriff, to be filled up according to the executions: his only ground of complaint in equity, is, that he was grossly deceived as to the amount of the executions, by the false representations of the debtor Mallory, made in the presence of the sheriff, who did not undeceive him. If that representation had been true, the circumstance, that he might have defended himself at law, on the plea of non est factum, but for the surprise .practised on him by the sheriff, would not have entitled him to relief in equity; which, though it will not charge a surety farther than he is chargeable at law, will not relieve him, or any other party, against a judgment, however obtained, when such relief would be against conscience. For, if the surety intended to be bound when he signed the blank bond, to the full amount of the debt, the judgment would only have the effect of enforcing his deliberate contract; and to discharge him from it, would be against conscience. If Gordon had intended, when he signed the blank bond, to avail himself of that defence at law, he would have been practising a fraud both on the creditor and the Sheriff. The circumstance, therefore,' that he had an essential defence at law, of which he was deprived by the fraud of the sheriff, is of no importance, except that it gives jurisdiction to the court of equity to relieve him against the judgment, if, upon the other circumstances of the the case, he is entitled to relief. Both parties are seeking to avoid a loss. Gordon, to relieve himself from the payment of the debt of another, for which he has received no consideration; Jeffery to recover a just debt by due course of law. If both parties are blameless, a court of equity will not interfere. On Gordon’s part, he in the first instance, was grossly negligent, in trusting the sheriff as he did, and enabling him to do the mischief, which must now fall on one of the parties. In conducting the executions, and taking the forthcoming bonds, the sheriff *was, in no sense, the agent of Jeffery, but an officer of the law, to whom he was under a legal necessity of, confiding that duty: therefore, he. is not at all affected by his fraud in that respect. And, if there was nothing more in the case, no relief could be given to Gordon; it being a principle frequently acted on, in courts of law, that where one of two innocent persons must suffer by the act of a third person, he who has trusted most must bear the loss. The sheriff was, however, the agent of Jeffery, in respect to the notice of the forthcoming bond. It was not his official duty to give the notice. The law gives the right to the creditor to whom the bond is made payable, to have an award of execution on his motion only. He is, therefore, responsible for the fraud of the sheriff, his agent in this respect; or, at least, cannot be entitled to benefit by it, though he was not privy to it, nor had the least participation in it. He stands, then, on different ground from that be would have occupied, if due notice had been given, and the award of execution had been made without opposition, through some accident not affecting him; such as the absence of counsel, or the like. Yet it does not seem equitable that this fraud of his agent, which does not touch his conscience, should have the effect to discharge Gordon from all responsibility; since he too has been in fault, and since he certainly intended to be bound by all the bonds that he signed, to the extent of 300 dollars. For, a court of equity will not relieve even against a judgment obtained by the fraud of the creditor, but on the terms, that the defendant at law shall pay what is justly due; upon the settled principle, that he who asks equity must do. equitjT. I think, therefore, that the injunction ought to have been dissolved, only for a sum equal to the proportion of 300 dollars, which would fall to Jeffery, in a rateable distribution thereof among all the creditor of Mallory, to whom Gordon intended, when he signed the blank bonds, to become bound to that extent. The decree, therefore, is reversed, the injunction reinstated, and the cause remanded, to be further proceeded in, according to the principles here declared.